Minute Order Form (06/97)

(8)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 3402 | DATE | 5/16/2002 |
| CASE TITLE | Connie R. Fernandez vs. The Supreme Court etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff has violated Rules 8(a) and (e) and her complaint is dismissed without prejudice. Plaintiff's application to proceed in forma pauperis is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 17 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAH | courtroom deputy's initials | 02 MAY 16 PM 3:15 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CONNIE R. FERNANDEZ,          )
                              )
            Plaintiff,        )
                              )
vs.                           )   No. 02 C 3402
                              )
THE SUPREME COURT OF THE      )
STATE OF ILLINOIS, etc., et al., )
                              )
            Defendants.       )

MEMORANDUM OPINION AND ORDER

Plaintiff and former attorney Connie R. Fernandez filed an 81-page complaint, which includes allegations that she was disbarred in violation of her due process and equal protection rights, that the rules of the Supreme Court of Illinois and the Illinois Attorney Registration and Disciplinary Commission of the Supreme Court of the State of Illinois (ARDC) are unconstitutional, and that various individual defendants violated her due process rights. She brings this action against 34 named defendants, including the Supreme Court of the State of Illinois; state judges; employees of the ARDC; lawyers who appeared against her in prior cases; former colleagues; and various former clients, as well as 1,000 unnamed defendants. The complaint is before us on plaintiff's application to proceed *in forma pauperis*. For the following reasons, we dismiss plaintiff's complaint.

Under 28 U.S.C. § 1915(a) we may authorize a plaintiff to proceed *in forma pauperis* if she is unable to pay the prescribed court fees. In her application plaintiff claims she is unemployed, has no income, and has no savings. On these facts she has established her inability to pay fees.

Our inquiry does not end with a finding of indigency, however. Under § 1915 we must conduct an initial review of plaintiff's claims and dismiss the action if we find that the action is frivolous or malicious; it fails to state a claim on which relief may be granted; or plaintiff seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v. Debruy, 13 F.3d 1036, 1039 (7th Cir. 1994). Plaintiff appears pro se and her pleadings should be construed liberally. Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999). We recognize also that plaintiff was a practicing attorney in the State of Illinois until three years ago.

Under the Federal Rules of Civil Procedure a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Additionally, each "averment of a pleading shall be simple, concise, and direct." Fed.R.Civ.P. 8(e). If a complaint is lengthy and confusing it burdens a defendant in filing a responsive pleading and makes it difficult for the trial court to conduct orderly litigation. Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 776 (7th Cir. 1994). Plaintiff's complaint is unnecessarily lengthy, redundant, and confusing, making it difficult to determine which alleged wrongdoings, if any, constitute the claimed violations of federal and state law.

Plaintiff has violated Rules 8(a) and (e) and her complaint is dismissed without prejudice.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

May 16, 2002.